Moncure, J.,
after stating the case, proceeded:
The question to be decided by this court is, Whether the Circuit court erred in refusing a new trial ?
I think the evidence which was before the jury fully sustains their verdict; and shows, not only that the obligation was paid by Frye to the plaintiff, at the re *272 quest and on account of the defendant, but that it was paid out of the defendant’s money in Frye’s hands; and the amount so paid was afterwards included in the settlement between Frye and the defendant. In February 1833 the defendant was in want of one hundred and fifty dollars; and having more than that amount in Frye’s hands, would have gotten it from him; but Frye was from home, and he borrowed it from the plaintiff, and gave him the obligation therefor, with the understanding that Frye would take it up on his return home; which Frye accordingly did. These facts are not contradicted or countervailed by any evidence in the case or anything in the affidavit, and fully establish the payment of the obligation to the plaintiff. If they had stood alone they would have sustained the verdict. In connection with the other evidence in the case they show that the payment thus made by Frye, at defendant’s request and for his use, was afterwards included in a settlement between them. It was obviously intended to- have been paid out of the price of-the flour, and to have been included in the settlement of that transaction. It is not probable that so large an item would have been forgotten; especially as we see that very small items, one of them as small as five or six dollars, were included in that settlement. Nor is it probable that, if not forgotten, Frye would have given his bond for the balance due on account of the flour, and afterwards paid it without having any credit for the payment made in discharge of the obligation for one hundred and fifty dollars. In addition to all this, there is a credit in the settlement corresponding precisely with this payment in time and amount. One of the items of the settlement being, “ Cash 1st March 1833, one hundred and fifty dollars.” The 1st of March 1833 was two or three weeks after the date of the obligation and about the time no doubt of Frye’s return. There is nothing in the form of the entry tending to *273 show that it does not refer to the payment of the obligation. There was no occasion for expressly naming the bond in the entry, as it was no doubt well understood between the parties at the time of the settlement, The amount and time of payment were alone material. The settlement exhibited was not a formal account between the parties, but a brief summary of items of payment made by Frye to and for the defendant, the apparent object of the summary being to ascertain the total amount of all the payments. Nor is there anything in the fact that interest is charged on the item of one hundred and fifty dollars in the settlement from the 1st of March 1833, instead of the 9th of February 1833, the date of the obligation, which tends to show-that the item does not refer to the payment of the obligation. The payment having been made a few days after the date of the obligation, no interest was probably charged upon it by the plaintiff. The form of the obligation tends to show that it was intended as a mere due bill to be taken up in a few days. Frye having made the payment for the defendant, and out of his funds, could only charge interest on the amount paid, and from the time of payment. That the obligation was not delivered by Frye to the defendant at the time of their settlement, is not a very material circumstance. The settlement took place a year or two after the payment of the obligation. The obligation had been mislaid by Frye, and may have been forgotten by both parties; especially if it was merely given as a due bill or memorandum to be taken up in a few days.
Thus stands the case on the evidence as it was before the jury. Would it have been materially altered by the facts set out in the affidavit ? I do not think that it would. Those facts merely tend to show that the credit or claim of Frye for money paid in discharge of the defendant’s obligation, was omitted-, by mistake or design, in their settlement. This is so- inconsistent *274 with the circumstances of the case and the written evidence, that I think the affiant must have been mistaken in his recollection of an occurrence that had transpired about fourteen years before he made the affidavit. But even if it be conceded that there was such an omission in the settlement, it would merely make Frye a creditor of the defendant for the money paid for his use in discharge of the obligation, with interest from the time of payment; and would not revive the obligation which was discharged and extinguished by such payment.
I think therefore the court was right in refusing a new trial, and that the judgment should be affirmed.
The other judges concurred in the opinion of Moncure, J.
Judgment affirmed.